UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE DANSBY,

        Petitioner,

v.                                    CASE NO. 06-12395
                                    HONORABLE GEORGE CARAM STEEH

JAN TROMBLEY,

        Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

**I. Introduction**

Petitioner Willie Dansby has appealed the Court's Opinion and Order denying his habeas corpus petition. The Court construes Petitioner's Amended Notice of Appeal (Dkt. 20, July 10, 2008) as a motion for a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. at 484.

## II. Discussion

Petitioner challenges his state convictions for second-degree murder, assault with intent to commit murder, and felony firearm. He was sentenced to two years in prison for the felony firearm conviction, followed by concurrent terms of twenty-five to fifty years for the murder conviction and ten and a half to seventeen years for the assault conviction. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence in an unpublished *per curiam* opinion, and on September 15, 2005, the Michigan Supreme Court denied leave to appeal. *See People v. Dansby*, 474 Mich. 861; 703 N.W.2d 188 (2005) (table).

### A. The Jury Instructions

Petitioner was charged with first-degree murder. He alleges in his habeas petition that he was entitled to a jury instruction on the lesser offenses of voluntary and involuntary manslaughter. The Court concluded that Petitioner's claim was not cognizable on habeas review, *see Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980), that Petitioner's right to due process was not violated by the lack of a jury instruction on voluntary manslaughter, *see Hopper v. Evans*, 456 U.S. 605, 611 (1982), and that Petitioner procedurally defaulted his claim as to involuntary manslaughter, *see Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Reasonable jurists would not find the Court's assessment of Petitioner's claim or its procedural ruling debatable or wrong. Nor would reasonable jurists find it debatable whether the petition states a valid claim of the denial of a constitutional right. The Court therefore declines to issue a certificate of appealability on Petitioner's claims about the jury instructions.

### B. Petitioner's Post-Arrest Statements

The second habeas claim alleges that the admission of testimony about Petitioner's post-

arrest statements, including his refusal to answer a question and his request for an attorney, violated his rights against self-incrimination and due process of law. The Court agreed, but concluded that the constitutional error was harmless because the officer who interviewed Petitioner testified that there was nothing improper, strange, or wrong in Petitioner asking to see a lawyer and that it was his right to consult an attorney. In addition, the evidence against Petitioner was overwhelming, and the prosecutor did not argue that Petitioner must be guilty because he invoked his right to counsel. Reasonable jurists would agree that the constitutional error could not have had a "substantial and injurious effect or influence" on the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). Thus, a certificate of appealability will not issue on Claim II.

### C. Trial Counsel

Petitioner's third and final habeas claim alleges that his trial attorney rendered constitutionally ineffective assistance by failing to object to testimony that Petitioner asked for an attorney when the police interrogated him. The Court held that counsel's failure to make a specific and timely objection and his tactic of eliciting testimony from Petitioner that he asked to see a lawyer amounted to deficient performance, but that Petitioner was not prejudiced by his attorney's ineffectiveness. Reasonable jurists would agree that Petitioner failed to satisfy both prongs of the standard for ineffective-assistance-of-counsel claims. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Therefore, the Court declines to grant a certificate of appealability as to Petitioner's third claim.

## III. Conclusion

The issues presented do not warrant encouragement to proceed further. *Banks v. Dretke*,

540 U.S. 668, 674 (2004). Accordingly, the Court DECLINES to issue a certificate of appealability.

Dated: September 30, 2008

           S/George Caram Steeh
           GEORGE CARAM STEEH
           UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 30, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk